1  GEORGE A. RILEY (S.B. #118304)
   griley@omm.com
2  MARK E. MILLER (S.B. #130200)
   markmiller@omm.com
3  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, CA  94111
   Telephone:   (415) 984-8700
6  Facsimile:    (415) 984-8701

7  Attorneys for Plaintiff
   24/7 Customer, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 24/7 Customer, Inc.,<br><br>          Plaintiff,<br><br>      v.<br><br>24-7 Intouch, and Ascenda USA, Inc.<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1) Trademark Infringement; False Designation of Origin and False Description (Lanham Act § 43(a), 15 U.S.C. § 1125(a))**<br><br>**(2) Trademark Infringement (Common Law)**<br><br>**(3) False Advertising (Lanham Act § 43(a), 15 U.S.C. § 1125(a))**<br><br>**(4) Unfair Competition (Cal. Bus. & Prof. Code § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiff 24/7 Customer, Inc. ("[24]7") brings this action to enjoin defendants 24-7 Intouch and Ascenda USA, Inc.'s (collectively "Intouch's") infringement of [24]7's family of trademarks, including the marks 24/7®, [24]7®, and 24/7 CUSTOMER® (collectively, the "[24]7 Marks"). [24]7 seeks permanent injunctive relief and damages under the laws of the United States and the State of California and alleges on knowledge as to itself and its own acts, and on information and belief as to all other matters, as follows:

## PARTIES

1. Plaintiff [24]7 is a corporation organized and existing under the laws of the State of California and has its principal place of business in Campbell, California. [24]7 is a market leading provider of outsourced customer support services and customer engagement software. [24]7's software and services help companies anticipate, simplify, and learn in order to provide smarter and more effective multi-channel customer service.

2. On information and belief, defendant 24-7 Intouch is a Canadian corporation with its principal place of business in Winnepeg, Manitoba, Canada.

3. On information and belief, defendant Ascenda USA, Inc. is 24-7 Intouch's United States subsidiary. Defendant Ascenda USA, Inc. is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business in Aurora, Colorado.

## JURISDICTIONAL STATEMENT

### Jurisdiction

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, 15 U.S.C. §§ 1116 and 1125, and 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over Intouch because Intouch conducts business, provides services, and committed acts of trademark infringement in California.

**Venue**

6. Venue lies within this district because a substantial part of the events giving rise to these claims occurred in this district and Intouch resides in this judicial district for purposes of 28 U.S.C. § 1391(b) and (c).

# FACTUAL ALLEGATIONS

## [24]7 Registers, Uses In Commerce, and Protects the [24]7 Marks

7. [24]7 is a leading provider of business process outsourcing and customer engagement software and services. Since its inception in 2000, [24]7 has offered goods and services that provide businesses with outsourcing of sales and support services to agents at remote contact centers.

8. [24]7 has revolutionized the industry by developing a software platform that allows agents to contact users on multiple channels including web, mobile, chat, social, and phone. By offering multiple ways of interacting with users, [24]7 makes its customer contact agents more accessible and more efficient.

9. [24]7 has been a leader in customer analytics—[24]7 uses consumer data to help companies provide smarter and more effective customer sales and service. [24]7's Predictive Experience Platform uses consumer information to distribute targeted marketing offers and anticipate consumer service needs, which increases consumer satisfaction and revenue.

10. To protect [24]7's trademarks, [24]7 has secured numerous trademark registrations, including registrations for 24/7 (United States Registration No. 4,488,955), [24]7 (United States Registration No. 4,429,355), and 24/7 CUSTOMER (United States Registration No. 3,152,855) (collectively, "the [24]7 Marks").

11. The [24]7 Marks cover goods in International Class 9, including, "[c]omputer systems … and software for automating customer service and sales tasks, and for integrating automated customer service and sales tasks with live agent assistance; computer systems … and software for managing customer service and sales interactions delivered to consumers through computing and communications devices, including

computers, tablets, phones and kiosks; computer systems … and software for automating, managing and analyzing live agent interactions with customers over computer and phone networks; computer systems … and software for the classification, navigation, search, retrieval, display and distribution of information in computer databases and over computer networks; computer systems … and software for measuring and analyzing customer activity in automated interactions and agent-assisted interactions to predict and understand customer requests, preferences and interests; computer systems … and software used to create and administer software for automating customer service and sales tasks."

12. The [24]7 Marks also cover services in International Class 35, including, "[o]utsourcing services in the field of customer support and analysis in the nature of customer services, telemarketing and computer technical support; … consulting and customer analytics, namely, market analysis, process analytics in the nature of the development and the implementation of strategy plans and management projects; operation of offshore businesses for others for the technology, telecommunications, financial services, hospitality, logistics, insurance and retail industries; predictive customer experience services, namely, managing customer sales and service experiences, and measuring, analyzing, and predicting customer satisfaction; contact center services for managing end customer interactions across channels spanning the entire customer lifecycle; customer contact services, namely, services for developing, managing, and maintaining enterprise-grade, integrated speech customer contact applications delivered as a universal managed service."

13. The [24]7 Marks have been in use in California and in interstate commerce since at least April 11, 2000. [24]7's Registration for the trademark 24/7 CUSTOMER is incontestable under 15 U.S.C. § 1065.

14. [24]7 has invested substantial resources in obtaining rights in the [24]7 Marks and developing consumer recognition and goodwill in the [24]7 Marks.

15. [24]7 serves many of the world's most recognized companies and brands, including Lenovo Group Ltd., Adobe Systems Inc., Avis Budget Group, Sirius XM Radio

1  Inc., and Wyndham Hotel & Resorts, and other clients in the financial services, retail,
2  technology, communications, and travel industries. [24]7's platform of services manages
3  more than 2.5 billion interactions annually. And in 2013, Forbes included [24]7 on its list
4  of "America's Most Promising Companies."

**Intouch Unlawfully Uses Marks Which Are Confusingly Similar to the [24]7 Marks to Promote Intouch's Nearly Identical Services**

16. Intouch has been and is currently using the designations, "24-7" and "24-7 Intouch," which are nearly identical to the [24]7 Marks. Intouch uses the designations, "24-7" and "24-7 Intouch," in connection with the sale, offers for sale, distribution, and advertisement of goods and services that are nearly identical to the goods and services offered by [24]7. Thus, Intouch is infringing the [24]7 Marks by creating a likelihood of confusion between Intouch and [24]7.

17. As shown below, Intouch purports to provide goods and services that are the same as or similar to the goods and services provided by [24]7.

| [24]7's Goods & Services | Intouch's Good & Services |
|---|---|
| [24]7 offers contact center solutions, including providing contact center agents around the world. | Intouch provides contact center agent services, and Intouch's website claims, "24-7 Intouch is a global contact center outsourcing company that delivers innovative, quality-driven customer service solutions, across all industry segments." (*See*, http://www.24-7intouch.com/Company/Overview.aspx.) |
| [24]7 provides customer analytics by using consumer data and [24]7's proprietary methods and systems, to help companies anticipate, simplify, and learn in order to provide smarter and more effective customer service. | Intouch provides customer reporting and analytics, and Intouch's website claims, "With the statistics provided, you gain invaluable insight into your callers' habits and tendencies, learn which of your marketing efforts are having the most impact on your target market and discover the efficiency of our center with talk and handle times." (*See*, http://www.24-7intouch.com/Shared/Delivery/Reporting- |

| [24]7's Goods & Services | Intouch's Good & Services |
|---|---|
| | Analytics.aspx.) |
| [24]7 provides a software platform that allows agents to provide service on multiple channels including web, mobile, chat, social, and phone. | Intouch provides a software platform that allows agents to interact with customers multiple channels including voice, live chat, email and social media. Intouch's website states, "Using the most advanced technology . . . 24-7 Intouch is able to provide a multi-channel approach, via voice, live chat, e-mail and social media management." (*See*, http://www.24-7intouch.com/Company/Overview.aspx.) |

18. Intouch uses the designations "24-7" and "24-7 Intouch" to advertise its goods and services, including use on its website, in promotional materials, in promotional videos, and at industry conferences. As shown below, Intouch's logo (right) prominently features the designation "24-7" and is likely to cause confusion with the [24]7 Marks and the [24]7 logo (left).

| [24]7's Logo | Intouch's Logo |
|---|---|
| [24]7 | 24-7 INTOUCH CONTACT CENTERS |

19. Intouch markets its goods and services to [24]7's potential customers, including clients in the following industries: "Automotive," "Communications," "Consumer Packaged Goods," "Financial Services & Insurance," "Food & Restaurant," "Online & Multi-Channel Retail," "Travel & Leisure" and "Utilities." (*See*, http://www.24-7intouch.com/Experience/Industries.aspx.) Intouch claims that it has "[o]ver 250 clients including many Fortune 1,000 brands." (*See* http://www.24-7intouch.com/Company/Overview.aspx.)

20. [24]7 is aware of several instances of actual confusion in which potential customers of [24]7 have confused the two companies.

21. At no time has Intouch received a license or authorization from [24]7 to use the [24]7 Marks.

22. Intouch was on notice of the [24]7 Marks and [24]7's trademark rights through [24]7's trademark registrations prior to or at the time the Intouch registered to do business in the United States.

23. Intouch's ongoing unlawful use of the [24]7 Marks has irreparably harmed [24]7.

## FIRST CAUSE OF ACTION

## (Trademark Infringement; False Designation of

## Origin/Description – Lanham Act § 43(a), 15 U.S.C. § 1125(a))

24. [24]7 repeats and realleges each and every allegation of paragraphs 1 through 23 above, and incorporates them by reference as if fully set forth herein.

25. [24]7 has used its [24]7 Marks since at least April 11, 2000 to identify its services in the United States. The relevant consuming market of the United States widely recognizes the [24]7 Marks as designating [24]7 as the source of services and/or goods.

26. Intouch's use of the designation "24-7" and "24-7 Intouch" constitutes a false designation of origin and/or a false or misleading description or representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to (a) the affiliation, connection, or association of Intouch with [24]7 and/or (b) the origin, sponsorship, or approval of Intouch's goods, services, or commercial activities by [24]7.

27. Intouch's wrongful activities have caused [24]7 irreparable injury. [24]7 is informed and believes that unless said conduct is enjoined by this Court, Intouch will continue those activities to the continued and irreparable injury of [24]7. This injury includes a reduction in the distinctiveness of [24]7's trademarks and injury to [24]7's reputation that cannot be remedied through damages, and [24]7 has no adequate remedy at law. [24]7 is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116 restraining

1  and enjoining Intouch and its agents, servants, employees, and all persons acting
2  thereunder, in concert with, or on their behalf, from using in commerce the designation
3  "24-7," "24-7 Intouch," or any colorable imitation of or variation that is confusingly
4  similar to the [24]7 Marks.

5  28. Pursuant to 15 U.S.C. § 1117, [24]7, as the owner of the registered [24]7
6  Marks, is also entitled to recover (i) Intouch's profits, (ii) [24]7's ascertainable damages,
7  and (iii) [24]7's costs of suit. Intouch's willful infringement of [24]7's Marks without
8  excuse or justification renders this an exceptional case and entitles [24]7 to its reasonable
9  attorney fees.

## SECOND CAUSE OF ACTION

### (Trademark Infringement – Common Law)

12  29. [24]7 repeats and realleges each and every allegation of paragraphs 1
13  through 28 above, and incorporates them by reference as if fully set forth herein.

14  30. [24]7 has used its [24]7 Marks since at least April 11, 2000 to identify its
15  services in the California. The relevant consuming market of California widely
16  recognizes the [24]7 Marks as designating [24]7 as the source of services and/or goods.

17  31. The relevant consuming market of California widely recognizes the [24]7
18  Marks as designating [24]7 as the source of services and/or goods. [24]7 has common law
19  trademark rights in the [24]7 Marks under California law.

20  32. Intouch's wrongful activities in the State of California have caused [24]7
21  irreparable injury. [24]7 is informed and believes that unless said conduct is enjoined by
22  this Court, Intouch will continue those activities to the continued and irreparable injury of
23  [24]7. This injury includes a reduction in the distinctiveness of [24]7's trademarks and
24  injury to [24]7's reputation that cannot be remedied through damages, and [24]7 has no
25  adequate remedy at law. [24]7 is entitled to a permanent injunction restraining and
26  enjoining Intouch and its agents, servants, employees, and all persons acting thereunder,
27  in concert with, or on their behalf, from using in commerce the designation ""24-7," "24-7

28

Intouch," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

33. [24]7 is also entitled to recover (i) Intouch's profits, (ii) [24]7's ascertainable damages, and (iii) [24]7's costs of suit. Intouch's willful infringement of [24]7's common law trademark rights without excuse or justification entitles [24]7 to its reasonable attorney fees.

## THIRD CAUSE OF ACTION

**(False Advertising– Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

34. [24]7 repeats and realleges each and every allegation of paragraphs 1 through 32 above, and incorporates them by reference as if fully set forth herein.

35. Intouch uses the designation "24-7" and "24-7 Intouch" in connection with, and in commercial advertising or promotion of, its outsourcing and customer support service and products. Intouch's use of the designation "24-7" and "24-7 Intouch" constitutes a false advertisement that misrepresents the nature, characteristics and qualities of Intouch's outsourcing and customer service or has a tendency to deceive a substantial segment of consumers into believing that Intouch's service has the nature, characteristics, and/or qualities of [24]7's service. This deception is likely to influence consumers' purchasing decisions about Intouch's service and products, thereby diverting revenues from [24]7 to Intouch. Intouch's use is also likely to lessen the goodwill associated with [24]7's service and [24]7's products by associating [24]7's outsourcing and customer support service with the inferior qualities of Intouch's service.

36. Intouch's wrongful activities have caused [24]7 irreparable injury. [24]7 is informed and believes that unless said conduct is enjoined by this Court, Intouch will continue those activities to the continued and irreparable injury of [24]7. This injury includes a lessening of the goodwill associated with [24]7's trademarks and injury to [24]7's reputation that cannot be remedied through damages, and [24]7 has no adequate remedy at law. [24]7 is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116 restraining and enjoining Intouch and its agents, servants, employees, and all persons

1 acting thereunder, in concert with, or on their behalf, from using in commerce the designation "24-7," "24-7 Intouch," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

37. Pursuant to 15 U.S.C. § 1117, [24]7 is also entitled to recover (i) Intouch's profits, (ii) [24]7's ascertainable damages, and (iii) [24]7's costs of suit. Intouch's willful infringement of [24]7's trademarks without excuse or justification renders this an exceptional case and entitles [24]7 to its reasonable attorney fees.

## FOURTH CAUSE OF ACTION

**(Unfair Competition – Cal. Bus. & Prof. Code § 17200 and Common Law)**

38. [24]7 repeats and realleges each and every allegation of paragraphs 1 through 36 above, and incorporates them by reference as if fully set forth herein.

39. Intouch's acts, as alleged above, constitute unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.

40. Intouch's acts are unlawful and/or unfair under the UCL because Intouch's use of the designation "24-7" and "24-7 Intouch" in California is likely to confuse consumers as to the source, origin, or affiliation of Intouch's services, to misrepresent the nature, characteristics and qualities of Intouch's outsourcing and customer support services and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that Intouch's service has the nature, characteristics, and/or qualities of [24]7's service.

41. Intouch's acts of unfair competition in the State of California have caused [24]7 irreparable injury. [24]7 is informed and believes that unless said conduct is enjoined by this Court, Intouch will continue those activities to the continued and irreparable injury of [24]7. This injury includes a reduction in the distinctiveness of [24]7's trademarks and injury to [24]7's reputation that cannot be remedied through damages, and [24]7 has no adequate remedy at law. [24]7 is entitled to a permanent injunction restraining and enjoining Intouch and its agents, servants, employees, and all

1 persons acting thereunder, in concert with, or on their behalf, from using in commerce the designation "24-7," "24-7 Intouch," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

42. As a direct and proximate result of Intouch's statutory unfair competition, Intouch has been unjustly enriched in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, [24]7 hereby requests that this Court:

A. Enter a preliminary and a permanent injunction restraining and enjoining Intouch and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the designation "24-7," "24-7 Intouch," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

B. Award [24]7 its ascertainable damages, costs, and attorneys' fees.

C. Award [24]7 Intouch's profits attributable to Intouch's unauthorized use of the designation "24-7," "24-7 Intouch," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

D. Impose a constructive trust in favor of [24]7 on all profits obtained from Intouch's misappropriation of the designation "24-7," "24-7 Intouch," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

E. Award [24]7 all amounts by which Intouch has been unjustly enriched through its use of the designation "24-7," "24-7 Intouch," or any colorable imitation of or variation that is confusingly similar to the [24]7 Marks.

F. Award such other and further relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 3, 2014 | O'MELVENY & MYERS LLP |
| 3 | | |
| 4 | | By *Mark E. Miller* |
| 5 | | Mark E. Miller |
| 6 | | Attorney for Plaintiff<br>[24]7 CUSTOMER, INC. |

11

COMPLAINT FOR TRADEMARK INFRINGEMENT

# JURY DEMAND

[24]7 respectfully requests a jury trial on all issues triable thereby.

Dated: June 3, 2014                    O'MELVENY & MYERS LLP

                                       By  /s/ *Mark E. Miller*

                                       MARK E. MILLER
                                       Attorney for Plaintiff
                                       [24]7 CUSTOMER, INC.

COMPLAINT FOR TRADEMARK INFRINGEMENT