UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 24/7 CUSTOMER, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>24-7 INTOUCH, et al.,<br><br>    Defendants. | Case No. 5:14-cv-02561-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Plaintiff 24/7 Customer, Inc. ("Plaintiff" or "24/7 Customer") brings the instant action against Defendants 24-7 Intouch ("Intouch"), and Ascenda USA, Inc. ("Ascenda") (collectively, "Defendant") alleging trademark infringement and false advertising under state and federal law and unfair competition under state law. Docket Item No. 1. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. Dkt. No. 19. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116 and 1125.

Per Civ. L. R. 7-1(b), the motion was taken under submission without oral argument. Having fully reviewed the parties' papers, the Court DENIES Defendant's Motion to Dismiss Plaintiff's Complaint.

## I. BACKGROUND

Plaintiff is a corporation organized and existing under the laws of the State of California and has its principal place of business in Campbell, California. See Dkt. No. 1 at 1. Plaintiff has been in the business outsourcing industry and has provided customer service and analytics through multiple market channels for over a decade. See Dkt. No. 25 at 1. Plaintiff's software and services help companies anticipate, simplify, and learn in order to provide smarter and more effective multi-channel customer service. See Dkt. No. 1 at 1. Plaintiff has federally registered its trademarks, "24/7," "[24]7," and "24/7 CUSTOMER," (collectively, the "24/7 Customer Marks") and its oldest mark (24/7 CUSTOMER) was registered on October 10, 2006. See id. at 1-2.

Intouch is a Canadian company headquartered in Winnipeg, Canada, that recently registered to do business in the United States. See Dkt. No. 37 at 1. Intouch incorporated its U.S. entity, Ascenda USA, Inc., on October 10, 2010, but waited until June 19, 2012 before filing a statement of trade name referencing the "24-7 Intouch" designation. See id. Ascenda is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business in Aurora, Colorado. See Dkt. No. 1 at 1.

Both companies have provided "goods and services that are nearly identical," including "contact center solutions," "customer analytics," and "software platform[s] that allow[] agents to provide service on multiple platforms" to their customers, who include "many of the world's most recognized companies and brands … and other clients in the financial services, retails technology, communications, and travel industries …." See Dkt. No. 1 at ¶¶ 15-17.

Plaintiff alleges that Defendant was on constructive notice of 24/7 Customer's federal trademark registrations when it began using in the United States the "24-7" and "24-7 Intouch" designations with nearly identical business outsourcing services to a nearly identical class of consumers. See id. at 2. Plaintiff also alleges that it has recently become aware of several instances of actual confusion where potential consumers of Plaintiff have confused the two companies. See id.

On June 3, 2014, Plaintiff filed this lawsuit for trademark infringement and false

1  advertising under state and federal law and unfair competition under state law to prevent further
2  confusion and to protect the goodwill and brand recognition that Plaintiff allegedly has fostered
3  for over a decade. See Dkt. No. 19 at 1; see also Dkt. No. 37 at 2:8-10.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. Furthermore, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

## III.  DISCUSSION

In its motion, Defendant argues that Plaintiff's complaint should be dismissed because its trademark, false advertising and unfair competition claims are time-barred by the statute of

1  limitations and barred by the equitable doctrine of laches. See Dkt. No. 19 at 5-11. Specifically,
2  Defendant alleges that Plaintiff's trademark claims are time-barred because it knew or should have
3  known of the facts underlying its infringement causes of action by June 3, 2010, four years prior to
4  the filing of its Complaint. Id. at 5:22-25. Defendant also argues that Plaintiff fails to state a
5  claim regarding its trademarks. See id. at 12-14. The Court disagrees for the following reasons.

### A. Laches and statute of limitations analysis is premature at this stage

"Laches is an equitable time limitation on a party's right to bring suit." Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002). It is well established that laches is a valid defense to Lanham Act claims. Id. (citations omitted). A party asserting laches must show that it suffered prejudice as a result of the plaintiff's unreasonable delay in filing suit. Id. Specifically, the Ninth Circuit has applied laches to bar trademark infringement claims where the trademark holder "knowingly allowed the infringing mark to be used without objection for a lengthy period of time." Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1061 (9th Cir. 1999).

Because the Lanham Act contains no explicit statute of limitation, courts "borrow" the analogous state time period. Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1138-39 (9th Cir. 2006). In determining the presumption for laches, the limitations period runs from the time the plaintiff knew or should have known about his cause of action. Id. While laches and the statute of limitations are distinct defenses, if the plaintiff filed a Lanham Act claim within the analogous limitations period under state law, courts strongly presume that laches is inapplicable. Id. If the plaintiff filed suit outside the analogous period, courts have often presumed that laches is applicable. Id. at 1139. Moreover, as trademark infringement is a "continuing" wrong, the statute of limitations bars only monetary relief for the period outside the statute of limitations. Id. However, a plaintiff may pursue monetary and equitable relief for the time within the limitations period. Id. The presumption of laches is triggered if any part of the claimed wrongful conduct occurred beyond the limitations period. Id.

The most closely analogous state-law limitations period for Plaintiff's claims under the

4
Case No.: 5:14-cv-02561-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Case 5:14-cv-02561-EJD   Document 45   Filed 03/31/15   Page 5 of 8

United States District Court
Northern District of California

Lanham Act are the four-year periods for state trademark infringement and unfair competition claims, set forth under Cal. Code Civ. Proc. § 343 and Cal. Bus. & Prof. Code § 17208. Internet Specialties W., Inc. v. Milon–DiGiorgio Enters., Inc., 559 F.3d 985, 999 (9th Cir. 2009).

Defendant argues that since Plaintiff has been aware of its potential claims for more than a decade, all of the causes of action are barred by the applicable statutes of limitations and laches. See Dkt. No. 19 at 1. Specifically, Defendant argues that Plaintiff's claims are time-barred because its brand was widely known to the entire customer service, contact center outsourcing, and customer analytics industry for nearly a decade before Plaintiff brought its suit. See id. at 5. However, Defendant does not identify facts in the complaint that show when Plaintiff first knew or should have known of Defendant's infringement activities in the United States. In addition, Defendant provides no evidence capable of being considered on a motion to dismiss that supports the conclusion that Plaintiff knew or should have known that Defendant was infringing the [24]7 Marks in the United States.[1] Nor does Defendant claim that it ever registered any marks with the United States Patent and Trademark Office ("USPTO") such that Plaintiff was on constructive notice of Defendant's infringing marks. As such, Defendant has failed to demonstrate, at this stage of the case, that Plaintiff knew or had reason to know that Defendant was infringing the [24]7 Marks in the United States four years before the filing of the complaint. Indeed, Defendant was not legally registered to do business in the United States as "24-7 Intouch" four years before the filing of the complaint. See Dkt. No. 25 at 5.

Although the allegations in the Complaint do not support dismissal based on statute of limitations, laches may still apply if the Defendant can show it suffered prejudice as result of the Plaintiff's unreasonable delay in filing suit. See Jarrow, 304 F.3d at 835. Defendant bears the burden of demonstrating laches. See id. Here, the allegations establish that Plaintiff was unaware of Defendant's alleged infringement until at least 2010, if not later, since Defendant operated

---

[1] "[M]ere registration of a domain name that can be used for international business does not provide Plaintiffs with clear notice that defendants are illegitimately infringing on their mark or name within the United States." SunEarth, Inc. v. Sun Earth Solar Power Co., 846 F. Supp. 2d 1063, 1081-82 (N.D. Cal. 2012).

5

Case No.: 5:14-cv-02561-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

outside the United States before that time.  See Dkt. No. 25 at 2.  Specifically, Plaintiff alleges that Defendant incorporated its U.S. entity Ascenda on October 10, 2010 but waited until June 19, 2012 before filing a statement of trade name referencing the "24-7 Intouch" designation.  See id. The complaint does not allege when Defendant first started infringing the [24]7 Marks, although Defendant's business registrations suggest that it did not do so until at least June 2012, and Defendant does not assert that the instances of actual confusion identified in the complaint occurred before then.  Compl. ¶ 24; see also Kohler v. Flava Enters., 2010 WL 3238946, at *3 (S.D. Cal. Aug. 13, 2010).  Plaintiff then filed the suit on June 3, 2014.  Dkt. No. 1.  These allegations in the Complaint indicate that any purported delay in filing suit was not unreasonable, as Plaintiff alleges that Defendant was on constructive notice of Plaintiff's federal trademark registrations when Defendant began using in the United States the "24-7" and "24-7 Intouch" designations with nearly identical business outsourcing services to a nearly identical class of consumers on or after June 19, 2012.  See Dkt. No. 25 at 2.  Additionally, the Complaint's allegations do not support a finding of prejudice to Defendant as a result of the alleged delay.

Moreover, laches and statute of limitations defenses often require a fact-intensive investigation that is inappropriate on a motion to dismiss.[2]  Plaintiff's complaint could only be properly dismissed on those grounds if the complaint itself contained factual allegations demonstrating that Plaintiff definitively filed suit outside of the limitation period, or unreasonably delayed in filing the suit and that Defendant was prejudiced by this delay.  However, nothing in Plaintiff's complaint implies that Plaintiff knew or should have known about Defendant's infringement by a certain time, let alone that Plaintiff delayed in asserting its common law and federal trademark rights.

Based on the foregoing, Defendant has not shown that either statute of limitations or the

---

[2] The court held that because "[m]ost of the facts relevant to these issues are not set forth in the [c]omplaint," it was "premature to determine whether such evidence is sufficient to raise a genuine issue of material fact, let alone weigh that evidence.  Sensible Foods, LLC v. World Gourmet, Inc., 2011 WL 5244716, at *5 (N.D. Cal. Nov. 3, 2011); "Because the application of laches depends on a close evaluation of all the particular facts in a case, it is seldom susceptible of resolution by summary judgment."  Couveau v. Am. Airlines, Inc., 218 F.3d 1078, 1083 (9th Cir. 2000).

doctrine of laches applies to bar Plaintiff's complaint. On a Rule 12(b)(6) motion, as noted, the Court is constrained to the pleadings, and dismissal at this stage would therefore be improper. Because such questions are premature, the Court DENIES Defendant's motion to dismiss with respect to statute of limitations and laches.

### B. Plaintiff's Trademark Claims are Adequately Pled

Defendant also argues that Plaintiff fails to state a claim regarding its trademarks. See Dkt. No. 19 at 12-14. Courts evaluate the facts under the Sleekcraft analysis, which courts weigh in determining whether likelihood of confusion has been adequately pled. AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, (9th Cir. 1979). The Sleekcraft factors are: (1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) defendant's intent in selecting the mark; (7) types of services and degree of care; and (8) likelihood of expansion of the product lines. See id. at 348-49.

First, the marks "24/7" and "[24]7" are registered, thus presumptively valid and not merely descriptive. See Compl. ¶¶ 10, 13; see also Vuitton Et Fils S.A. v. J. Young Enters., Inc., 644 F.2d 769, 775 (9th Cir. 1981). Second, Defendant concedes that the parties' services are closely related: "the parties . . . offer the same goods to the same market." See Dkt. No. 19 at 18. Third, the competing marks are similar in "sight, sound, and meaning," and both share a dominant "24/7" or "24-7" element. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1292 (9th Cir. 1992) (relying the dominant "GALLO" element when finding a likelihood of confusion). Fourth, Plaintiff has alleged "several instances of actual confusion in which potential customers of [24]7 have confused the two companies." Compl. ¶ 20. Fifth, Defendant concedes that the two companies "use the same marketing channels to market their product." See Dkt. No. 19 at 18. Sixth, Defendant is presumed to have adopted the infringing mark in bad faith because it had constructive knowledge of the [24]7 Marks when it began infringing. See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1059 (9th Cir. 1999) ("[The sixth] factor favors the plaintiff where the alleged infringer adopted his mark with knowledge, actual or constructive, that it was another's trademark."). Seventh, the instances of actual confusion show that common

1  customers are likely to be confused, even if they are sophisticated.  And no matter how

2  sophisticated the customers, they are susceptible to initial interest confusion.  See Conversive, Inc.

3  v. Conversagent, Inc., 433 F. Supp. 2d 1079, 1093 (C.D. Cal. 2006) ("Initial interest confusion

4  may constitute trademark infringement even in the absence of a consummated sales transaction.").

5  Eighth, the likelihood of expansion is irrelevant because Defendant admits that the two parties

6  offer nearly identical goods and services.  See Dkt. No. 19 at 19.

7  Moreover, like laches and the statutes of limitations defenses, the likelihood of confusion

8  inquiry "is a factual determination woven into the law that courts 'routinely treat . . . as [an issue]

9  of fact' best left for the determination by a jury." Celebrity Chefs Tour, LLC v. Macy's, Inc.,

10 2014 WL 1660631, at *5 (S.D. Cal. Apr. 25, 2014) (declining to dismiss trademark infringement

11 claim, concluding that "confusion seems particularly likely given that the goods are so similar").

12 It is therefore inappropriate to decide that issue now.

13 Accordingly, Plaintiff has sufficiently pled facts to establish all necessary elements of its

14 trademark claims.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: March 31, 2015



EDWARD J. DAVILA
United States District Judge

8
Case No.: 5:14-cv-02561-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS